**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARCEL TYLER,**

    **Plaintiff,**

**v.**                          **CASE NO.:**

**LABORATORY CORPORATION
OF AMERICA,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARCEL TYLER, by and through undersigned counsel, brings this action against Defendant, LABORATORY CORPORATION OF AMERICA, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq*.

1. This Court has subject matter jurisdiction under 28 U.S.C. § 133, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq*.

2.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

3.      Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant operates a business with its principal place of business in North Carolina, but which conducts business throughout Florida, including in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

6.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

7.      Plaintiff is a member of a protected class of persons under Section 1981.

8.      Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

2

9.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

10.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

11.    Plaintiff has satisfied all conditions precedent, or they have been waived.

12.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Plaintiff is a Protected Class Due to His Race (Black)*

14.    Plaintiff is a Black male.

15.    Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII, the FCRA, and Section 1981.

### *Plaintiff was Qualified for his Employment Position with Defendant*

16.    Plaintiff began working for Defendant as a Support Services Supervisor on or around April 30, 2007, and he worked in this capacity until on or around August 14, 2023.

17.    Plaintiff was qualified for his position, had performed the duties of his position with Defendant in a satisfactory manner for over sixteen (16) years, and was the Supervisor of over fifty (50) people.

### *Plaintiff Suffered Adverse Employment Action*

18.    During Plaintiff's employment tenure with Defendant, he was subjected to disparate treatment based on his race.

19.    On or around July 7, 2023, the Lab Manager, Wendy White, asked Plaintiff to ensure that certain tasks were being properly completed.

20.    Plaintiff agreed to this request and was following this order by attempting to ensure that another employee, Colby Griffin, was correctly completing his tasks.

21.    However, Colby (White) responded with significant hostility and rudeness toward Plaintiff, despite Plaintiff being a Supervisor.

4

22. Plaintiff explained that Wendy had instructed Plaintiff to ensure that tasks were performed correctly, which is what Plaintiff was now attempting to do.

23. However, Colby continued showing unwarranted hostility and rudeness toward Plaintiff, including telling Plaintiff that he was "walking too close to him" and suggested that Plaintiff "just do [the job] himself."

24. Later, Colby told Plaintiff that he did not like Plaintiff "following him," told Plaintiff that he did not like Plaintiff talking to a woman that Colby liked, and that Colby was recording their conversations.

25. Colby further told Plaintiff that he "knew how to get [Plaintiff]."

26. Plaintiff then texted his Supervisor, Remy Jeudy, to object to Colby's discriminatory behavior toward Plaintiff.

27. However, instead of taking remedial action, Remy asked Plaintiff if Plaintiff called Colby a "Cracker," which Plaintiff had not and denied.

28. Plaintiff then spoke to another Supervisor, Plaintiff's team lead, Annie Starks-Dell, to further object to Colby's discriminatory behavior.

29. However, Defendant still failed to take remedial action.

5

30.     Plaintiff was then out of town for about a week, but when he returned, on or around July 17, 2023, Plaintiff learned that Defendant was conducting an investigation into Plaintiff.

31.     On or around July 18, 2023, in retaliation for Plaintiff engaging in protected activity, when Plaintiff arrived to work, Wendy and Remy questioned Plaintiff about the situation that had transpired with Colby and about Plaintiff's behavior, falsely accusing Plaintiff of making derogatory statements to other employees.

32.     Plaintiff objected to the false accusations, informed them of Colby's discriminatory behavior toward Plaintiff, and denied making derogatory statements to other employees.

33.     Plaintiff also expressed concerns about the behaviors of Colby and another employee, Dana, including possible inebriation at work.

34.     However, Defendant did not take Plaintiff's concerns seriously and failed to take remedial action regarding the discriminatory behavior against Plaintiff.

35.     Instead, Defendant retaliated against Plaintiff for engaging in protected activity, by sending Plaintiff home, and confiscating his laptop, key, and badge.

36.     Defendant showed disparate treatment toward Plaintiff by failing to properly investigate Plaintiff's complaints and, instead, suspending Plaintiff's employment, despite his successful sixteen (16) year tenure with Defendant.

37.     Soon thereafter, Plaintiff lodged a complaint with Human Resources ("HR"), due to the disparate treatment that he was receiving.

38.     Finally, on July 26, 2023, HR contacted Plaintiff back.

39.     However, instead of taking Plaintiff's concerns and complaints seriously and discussing them with Plaintiff, in retaliation for Plaintiff's protected activity, HR began targeting Plaintiff by going through a list of other employees and asking Plaintiff about various situations and interactions that he had with these other employees.

40.     Defendant showed disparate treatment toward Plaintiff by failing to properly investigate Plaintiff's complaints and, instead, actually investigating Plaintiff, despite his successful sixteen (16) year tenure with Defendant.

41.     On or around August 14, 2023, after Plaintiff had been on forced leave for almost a month, Defendant terminated Plaintiff based on his race and in retaliation for engaging in protected activity.

7

42.    Defendant offered merely pretextual reasons for the termination, accusing Plaintiff of "unprofessional behavior."

43.    Notably, Colby (White) was not terminated, despite his inappropriate, unprofessional, and discriminatory behavior toward Plaintiff.

44.    Defendant showed disparate treatment toward Plaintiff by failing to properly investigate Plaintiff's complaints and, instead, terminating Plaintiff, despite his successful sixteen (16) year tenure with Defendant.

45.    When Plaintiff then attempted to appeal the termination, an HR representative contacted Plaintiff on August 31, 2023 and informed him that she would review the notes from the previous HR representative and contact Plaintiff the following week.

46.    However, on September 13, 2023, HR denied Plaintiff's appeal and asserted new pretextual reasons for Defendant's termination of Plaintiff.

### <u>COUNT I –42 U.S.C. § 1981 VIOLATION</u><br>(RACE DISCRIMINATION)

47.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 4 and 7 through 46 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class of persons under Section 1981.

49. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

50. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

51. Defendant's actions were willful and done with malice.

52. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

53. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

9

(c)  Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)  Compensatory damages, including emotional distress, allowable at law;

(e)  Punitive damages;

(f)  Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)  Prejudgment interest on all monetary recovery obtained;

(h)  All costs and attorney's fees incurred in prosecuting these claims; and

(i)  For such further relief as this Court deems just and equitable.

**<u>COUNT II — 42 U.S.C. § 1981 VIOLATION</u>**
**(RETALIATION)**

54.  Plaintiff realleges and readopts the allegations of Paragraphs 1 through 4, 7 through 17, 20 through 35, 37 through 39, and 41 through 43 of this Complaint, as though fully set forth herein.

55.    Plaintiff is a member of a protected class of persons under Section 1981.

56.    By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

57.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

58.    Defendant's actions were willful and done with malice.

59.    Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

60.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

61.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

12

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

62.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6 and 11 through 46 of this Complaint, as though fully set forth herein.

63.    Plaintiff is a member of a protected class under Title VII.

64.    Plaintiff was subjected to disparate treatment on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by suspending Plaintiff and then terminating him after he engaged in protected activity.

65.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

66.    Defendant's actions were willful and done with malice.

67.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

13

(c)   An injunction restraining continued violation of Title VII by Defendant;

(d)   Compensation for lost wages, benefits, and other remuneration;

(e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)   Any other compensatory damages, including emotional distress, allowable at law;

(g)   Punitive damages;

(h)   Prejudgment interest on all monetary recovery obtained.

(i)   All costs and attorney's fees incurred in prosecuting these claims; and

(j)   For such further relief as this Court deems just and equitable.

### **COUNT IV – TITLE VII RETALIATION**

68.   Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 11 through 17, 20 through 35, 37 through 39, and 41 through 43 of this Complaint, as though fully set forth herein.

69.   Plaintiff is a member of a protected class under Title VII.

14

70.    Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

71.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by suspending Plaintiff's employment and then terminating his employment.

72.    Defendant's actions were willful and done with malice.

73.    In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

74.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

     (a)    A jury trial on all issues so triable;

     (b)    That process issue and that this Court take jurisdiction over the case;

     (c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

     (d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

15

(e)     Compensation for lost wages, benefits, and other remuneration;

(f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g)     Front pay;

(h)     Any other compensatory damages, including emotional distress, allowable at law;

(i)     Punitive damages;

(j)     Prejudgment interest on all monetary recovery obtained.

(k)     All costs and attorney's fees incurred in prosecuting these claims; and

(l)     For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
### (RACE DISCRIMINATION)

75.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 6 and 11 through 46 of this Complaint, as though fully set forth herein.

16

76.     Plaintiff is a member of a protected class (Black) under the FCRA.

77.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by suspending his employment and then terminating him after he engaged in protected activity.

78.     Defendant's actions were willful and done with malice.

79.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Front pay;

(e)     Any other compensatory damages, including emotional distress, allowable at law;

(f)    Punitive damages;

(g)    Prejudgment interest on all monetary recovery obtained.

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

80.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 11 through 17, 20 through 35, 37 through 39, and 41 through 43 of this Complaint, as though fully set forth herein.

81.    Plaintiff is a member of a protected class under the FCRA.

82.    Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

83.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by suspending his employment and then terminating his employment.

84.    Defendant's actions were willful and done with malice.

85.    By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

18

86.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f)    Front pay;

(g)    Any other compensatory damages, including emotional distress, allowable at law;

(h)    Punitive damages;

(i)    Prejudgment interest on all monetary recovery obtained.

19

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of April, 2024.

Respectfully submitted,

/s/Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**

20